UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) | Criminal Action No. 5: 22-057-DCR |
| V. | ) ) | and Civil Action No. 5: 24-147-DCR |
| LAMONTE H. BROWN, | ) ) | **MEMORANDUM ORDER** |
| Defendant/Movant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Lamonte Brown was indicted for conspiring to distribute fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 846 in criminal action number 5:21-075-DCR. [Record No. 78 at 1–2] The underlying events giving rise to the trafficking indictment occurred in May 2021. *Id.* Brown pled guilty to that charge in December 2021. [5:21-075-DCR, Record No. 104] But, on May 19, 2022, while Brown awaited sentencing in that matter, he was indicted by a grand jury on a single count charging him with possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). [Record No. 1] The charge stemmed from events occurring in June 2021. [Record No. 20] He pled guilty to that charge in July 2022. [Record No. 19]

Both matters were scheduled for sentencing the same day, and Brown was sentenced to 48 months for the firearms case to run consecutive to his sentence in the trafficking case. All told, he was sentenced to a total of 262 months' imprisonment. [Record No. 42] Brown only appealed the trafficking case, which the United States Court of Appeals for the Sixth Circuit recently affirmed. *See United States v. Brown*, -- F.4th --, 2025 WL 716082 (6th Cir.

March 6, 2025). He timely filed this *pro se* motion challenging the firearms case pursuant to 28 U.S.C. § 2255.

Consistent with local practice, Brown's § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Matthew A. Stinnett conducted an evidentiary hearing on Brown's claims of ineffective assistance of counsel. [Record No. 74] After taking those claims under advisement, Magistrate Judge Stinnett recommended that Brown's motion for collateral relief be denied and that no Certificate of Appealability be issued. [Record No. 78] Neither party filed timely objections to the R&R.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the undersigned has examined the record and, having made a *de novo* determination, agrees with Magistrate Judge Stinnett's recommended disposition.

Brown claims that his attorney was ineffective for failing to file a motion to suppress certain actions by law enforcement underlying his conviction, failing to object to his criminal history calculation and the imposition of consecutive sentences at sentencing, failing to file a notice of appeal for his gun case, and for allegedly coercing him to accepting a plea deal. [Record No. 53] To succeed on these claims, *Strickland* requires that Brown show (1) deficient performance by counsel and (2) that such "performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Brown must show that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Regarding prejudice, he must show that absent counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

Brown insists that his attorney should have moved to suppress his statement admitting to law enforcement that the firearms were his. Once Brown was in custody, law enforcement observed Brown's girlfriend leave his residence and place a bag in the trunk of a vehicle parked nearby. [Record No. 65 at 3, 11] Brown's admission was made after the detective warned him that if he "did not take responsibility for the weapons" his girlfriend "would go to prison." [Record No 58 at 19] Because firearms and drugs were later found in the vehicle, law enforcement had probable cause to believe the firearms belonged to Brown's girlfriend. [Record No. 78 at 7–8]

While "threats to arrest members of a suspect's family may cause a confession to be involuntary," whether such a threat is coercive "turns on whether [it] could have been lawfully executed." *United States v. Finch*, 998 F.2d 349, 356 (6th Cir. 1993); *United States v. Johnson*, 351 F.3d 254, 263 (6th Cir. 2003). But here, because the threat could be lawfully executed, there was no coercion. *See Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001).

Brown also insists that his attorney should have moved to suppress the search of the vehicle. But officers saw his girlfriend take a bag from his residence to the vehicle once she learned he had been arrested. [Record No. 78 at 2] Brown's claim that his lawyer should have filed a motion to suppress the evidence found within also fails because there was probable cause to search the vehicle. Such a motion would have been denied.

Next, Brown takes issue with his attorney not objecting to his criminal history point calculation and his two sentences running consecutively. As the Magistrate Judge noted, the undersigned calculated Brown's criminal history points in accordance with the United States Sentencing Guidelines § 4A1.2(a)(4) when one additional point was added to his firearms case for his conviction in the drug trafficking case. [Record No. 78 at 10] As such, Brown's counsel cannot be deficient for failing to object to that calculation.

Brown contends that his counsel fell short when he failed to object to the imposition of consecutive sentences. However, as the Magistrate Judge noted, the undersigned clarified during sentencing that they were consecutive because the two charges pertained to discrete conduct occurring in different months. [Record No 78 at 15–16] Perhaps counsel should have objected to the consecutive sentences, but that failure was not "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*).

Brown also alleges that his attorney failed to file a notice of appeal in the firearms case despite his request that both cases be appealed. However, after hearing testimony from Brown, his mother, and trial counsel, Magistrate Judge Stinnett found that counsel "fully consulted with Brown regarding the possibility of an appeal" and that Brown "failed to establish preponderant evidence" that his attorney "provided constitutionally deficient assistance by failing to file a notice of appeal in the Firearms Case." [Record No. 78 at 21]

Brown argues that his attorney's performance fell below what *Strickland* requires when he allegedly coerced Brown into taking a plea. More specifically, he contends that he was unaware that his sentences could run consecutively and unaware that he had gun charges forthcoming. [Record No. 53 at 39, 44] But the instant motion is for the gun case. Therefore,

as the Magistrate Judge noted, Brown's counsel could not be deficient in the gun case because Brown did not know he had forthcoming gun charges when pleading in the trafficking case. [Record No. 78 at 13] His claim that he was unaware that the sentences could run consecutively, likewise, does not make his plea coerced nor does it rise to the level required by *Strickland*.

In support of Brown's contention that his plea was coerced, he asserts that there was insufficient evidence for the firearms charge because the United States could not show constructive possession. But in the Court's plea colloquy with Brown, he admitted under oath to possessing the firearms. [Record No. 73 at 12–13] Brown also alleges that his counsel threatened to withdraw from the case if he insisted that counsel fight the possession issue in the firearms case. [Record No. 53 at 23] But trial counsel emphatically denied this allegation under oath at the evidentiary hearing. [Record No. 77 at 46–47] In summary, as the Magistrate Judge aptly concluded, Brown's claims of ineffective assistance of counsel fall short of what *Strickland* requires.

Aside from his ineffective assistance claims, Brown argues that this Court erred when it notified the parties during the first sentencing that it would hear all *Bostic* objections after the second sentencing. Both sentencing hearings occurred on the same day as one continuous hearing. As the Magistrate Judge correctly noted, "*Bostic* in no way prohibits" this. [Record No. 78 at 22–23, 27]

Brown's final claim attacks the constitutionality of 18 U.S.C. § 922(g)(1). But this argument is foreclosed by *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024) (explaining "our nation's history and tradition demonstrate that Congress may disarm

- 5 -

individuals they believe are dangerous . . . Section 922(g)(1) is an attempt to do just that"). Therefore, as the Magistrate Judge elucidated, Brown's claim must likewise fail.

Finally, the undersigned notes that a Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Brown has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this Court's determination on the issues Brown raises debatable.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. The United States Magistrate Judge Matthew A. Stinnett's Report and Recommendation [Record No. 78] is **ADOPTED** and **INCORPORATED** in full.

2. Defendant/Movant Brown's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 53] is **DENIED**.

3. Defendant/Movant Brown's claims are **DISMISSED**, with prejudice and **STRICKEN** from the docket.

4. A Certificate of Appealability will not issue.

Dated: April 21, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky